## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **BLACK HILLS MEDIA, LLC**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**SAMSUNG ELECTRONICS CO. LTD.,**<br>**SAMSUNG ELECTRONICS AMERICA, INC. and**<br>**SAMSUNG TELECOMMUNICATIONS**<br>**AMERICA, LLC**<br><br>*Defendants.* | Civil Action No. 2:13cv379<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Black Hills Media, LLC ("Black Hills" or "Plaintiff") in support of its Complaint against Samsung Electronics Co. Ltd.,  Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC   (collectively, "Samsung" or "Defendants") states and alleges as follows:

## THE PARTIES

1.     Plaintiff, Black Hills, is a privately held Delaware limited liability company with a principal place of business at 1000 N. West St., Wilmington, Delaware and business offices at 7011 Fayetteville Road, Durham, North Carolina.

2.     Defendants, Samsung Electronics Co. Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC are an interrelated group of companies.

3.     Samsung Electronics Co. Ltd. ("Samsung Electronics") is a foreign corporation having a principal place of business at 1320-10, Seocho 2-dong Seocho-gu, Seoul, South Korea.

4.     Samsung Electronics America, Inc. ("Samsung America") is a wholly owned subsidiary of Samsung Electronics.  It is a New York corporation with a principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey.

5.     Samsung Telecommunications America, LLC ("Samsung Telecommunications") is a subsidiary of Samsung America with an ultimate parent of Samsung Electronics.  It is a Delaware limited liability company with a principal place of business located within this judicial district at 1301 East Lookout Drive, Richardson, Texas.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§271 and 281-285.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1338(a).

7.     Personal jurisdiction over Defendants exists at least because Defendants have committed and continue to commit acts of patent infringement in this district as alleged in this Complaint and Defendant, Samsung Telecommunications resides in this state.

8.     Venue is proper under 28 U.S.C. §§1391(b), 1391(c) and 1400(b).

## BACKGROUND

9.     Black Hills, through assignment, owns all of the rights and interests in the United States Patent Nos. 8,028,323 ("the '323 Patent"); 8,214,873 ("the '873 Patent"); 8,230,099 ("the '099 Patent"); 8,045,952 ("the '952 Patent"); 8,050,652 ("the '652 Patent"); 7,835,689 ("the '689 Patent"); 7,917,082 ("the '082 Patent"); 6,618,593 ("the '593 Patent"); and 6,108,686 ("the '686 Patent") (collectively, the "Patents in Suit.").

10.     The '323 Patent is entitled "Method and System for Employing a First Device to Direct a Networked Audio Device to Obtain a Media Item." The '323 patent names Martin Weel as the inventor and was issued on September 27, 2011, after a full and fair examination.  A true and accurate copy of the '323 patent is attached as **Exhibit A**.

11.     The '873 Patent is entitled "Method, System and Computer-Readable Medium for Employing a First Device to Direct a Networked Audio Device to Render a Playlist" The '873

patent names Martin Weel as the inventor and was issued on July 3, 2012, after a full and fair examination.  A true and accurate copy of the '873 patent is attached as **Exhibit B.**

12.     The '099 Patent is entitled "System and Method for Sharing Playlists." The '099 patent names Martin Weel as the inventor and was issued on July 24, 2012, after a full and fair examination.  A true and accurate copy of the '099 Patent is attached as **Exhibit C.**

13.     The '952 Patent is entitled "Method and Device for Obtaining Playlist Content Over a Network."  The '952 Patent names Safi Qureshey and Daniel D. Sheppard as inventors and was issued on October 25, 2011, after a full and fair examination.  A true and accurate copy of the '952 Patent is attached as **Exhibit D.**

14.     The '652 Patent is entitled "Method and Device for an Internet Radio Capable of Obtaining Playlist Content from a Content Server." The '652 Patent names Safi Qureshey and Daniel D. Sheppard as inventors and was issued on November 1, 2011, after a full and fair examination.  A true and accurate copy of the '652 Patent is attached as **Exhibit E.**

15.     The '689 Patent is entitled "Distribution of Music between Members of a Cluster of Mobile Audio Devices and a Wide Area Network."  The '689 Patent names David A. Goldberg, Martha Goldberg, Miriam Goldberg, and Benjamin Goldberg as the inventors and was issued on November 16, 2010, after a full and fair examination.  A true and accurate copy of the '689 Patent is attached as **Exhibit F.**

16.     The '082 Patent is entitled "Method and Apparatus for Creating and Managing Clusters of Mobile Audio Devices." The '082 Patent names David Goldberg, Benjamin Goldberg, Martha Goldberg, Miriam Goldberg, and Neil Simon as the inventors and was issued on March 29, 2011, after a full and fair examination.  A true and accurate copy of the '082 Patent is attached as **Exhibit G.**

17.     The '593 Patent is entitled "Location Dependent User Matching System." The '593 patent names Charles Drutman, Darlene Drutman, Andrew Egendorf, Norton Greenfeld, and Eugene Pettinelli as the inventors and was issued on September 9, 2003, after a full and fair examination.  A true and accurate copy of the '593 Patent is attached as **Exhibit H.**

18.     The '686 Patent is entitled "Agent-Based On-line Information Retrieval and Viewing System."  The '686 Patent names Henry R. Williams, Jr. as the inventor and was issued on August 22, 2000, after a full and fair examination.  A true and accurate copy of the '686 Patent is attached as **Exhibit I.**

19.     Upon information and belief, Defendants make, use, offer to sell, sell and import into the United States, including within the Eastern District of Texas, digital media devices including without limitation digital televisions, Blu-ray disc players, home theater systems, tablets and mobile telephones ("Accused Products") that infringe one or more claims of the Patents in Suit.

<u>COUNT I</u>
<u>INFRINGEMENT OF THE '323 PATENT</u>

20.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

21.     Defendants are directly and/or indirectly infringing one or more of the claims of the '323 Patent literally, and/or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

22.     Exemplary infringing products for this patent include mobile phones, tablets, televisions, Blu-Ray players, and home theater systems compatible with AllShare, DIAL, or other media sharing protocols.  For example, these products include the Galaxy S IV, Galaxy S III, Galaxy Note II, Galaxy Tab 2 10.1, BD-F7500, BDF5900, BD-F5100, HT-E6730W/ZA, HT-E6500W/ZA, LN55C750R2FXZA, UN55F8000BFXZA, UN55F6300AFXZA, and PN60F8500AF and other products with similar functionality.

23.     As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '323 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '323 Patent by the filing and service of this complaint.

24.     Defendants' inducement of infringement of the '323 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '323 Patent, including sharing media from a playlist across devices using AllShare, DIAL, and/or other similar media sharing protocols.  Defendants' products are imported, marketed, offered for sale sold and/or used in the United States.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts,

4

product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '323 patent.  These actions by Defendants are intended specifically to cause (and have caused) users, including end users in the Eastern District of Texas, to directly infringe the relevant claims.

25.     Examples of instructions to cause infringement can be found at the following web links and documents, which are on information and belief maintained by Defendant:

- http://www.samsung.com/us/video/blu-ray-dvd/BD-D5300/ZA-specs#
- http://www.samsung.com/us/video/blu-ray-dvd/BD-E6500/ZA-specs#
- http://www.samsung.com/us/news/newsRead.do?news_seq=20078
- http://www.samsung.com/us/video/tvs/UN50ES6150FXZA-specs#
- http://www.samsung.com/us/video/home-theater/HT-E6500W/ZA-specs#
- http://support-us.samsung.com/spsn/search_result.jsp?keywords=allshare
- http://www.youtube.com/watch?v=lPLs4KvnyQ0
- http://www.youtube.com/watch?v=9EaYojtXFaU&noredirect=1

26.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '323 Patent by those third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '323 Patent pursuant to 35 U.S.C. §271(b).

27.     This infringement by Defendants of the '323 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '323 Patent.

28.     Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '323 Patent and to allege pre-suit willfulness.  Defendants' continued infringement of the '323 Patent is willful infringement.


## COUNT II
## INFRINGEMENT OF THE '873 PATENT

29.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

30.     Defendants are directly and/or indirectly infringing one or more of the claims of the '873 Patent literally, or under the doctrine of equivalents, by importing into the United

States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

31.     Exemplary infringing products for this patent include mobile phones, tablets, televisions, Blu-Ray players, and home theater systems compatible with AllShare, DIAL, or other media sharing protocols.  For example, these products include the Galaxy S IV, Galaxy S III, Galaxy Note II, Galaxy Tab 2 10.1, BD-F7500, BDF5900, BD-F5100, HT-E6730W/ZA, HT-E6500W/ZA, LN55C750R2FXZA, UN55F8000BFXZA, UN55F6300AFXZA, and PN60F8500AF and other products with similar functionality.

32.     The '873 Patent is a continuation of U.S. Patent 8,028,038 (the '038 Patent). Prior to this suit, the U.S.P.T.O. expressly put Defendants' patent attorneys on notice of the '038 Patent.  On information and belief, Defendants also learned of the '873 Patent.

33.     In addition, as a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '873 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '873 Patent by the filing and service of this complaint.

34.     Defendants' inducement of infringement of the '873 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '873 Patent, including sharing media from a playlist across devices using AllShare, DIAL, and/or other similar media sharing protocols.  Defendants' products are imported, marketed, used, offered for sale and/or sold in the United States.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '873 patent.  These actions by Defendants are intended specifically to cause users, including end users in the Eastern District of Texas, to directly infringe the relevant claims.

35.     Examples of instructions to cause infringement can be found at the following web links and documents, which are on information and belief maintained by Defendant:

- http://www.samsung.com/us/video/blu-ray-dvd/BD-D5300/ZA-specs#
- http://www.samsung.com/us/video/blu-ray-dvd/BD-E6500/ZA-specs#

- http://www.samsung.com/us/news/newsRead.do?news_seq=20078\
- http://www.samsung.com/us/video/tvs/UN50ES6150FXZA-specs#\
- http://www.samsung.com/us/video/home-theater/HT-E6500W/ZA-specs#
- http://support-us.samsung.com/spsn/search_result.jsp?keywords=allshare
- http://www.youtube.com/watch?v=lPLs4KvnyQ0
- http://www.youtube.com/watch?v=9EaYojtXFaU&noredirect=1

36.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '873 Patent by those third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '873 Patent pursuant to 35 U.S.C. §271(b).

37.     This infringement by Defendants of the '873 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '873 Patent.

38.     On information and belief, Defendants post-knowledge infringement of the '873 Patent has been willful.

## COUNT III
## INFRINGEMENT OF THE '099 PATENT

39.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

40.     Defendants are directly and/or indirectly infringing one or more of the claims of the '099 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

41.     Exemplary infringing products for this patent include mobile phones, tablets, televisions, Blu-Ray players, and home theater systems compatible with AllShare, DIAL, or other media sharing protocols.  For example, these products include the Galaxy S IV, Galaxy S III, Galaxy Note II, Galaxy Tab 2 10.1, BD-F7500, BDF5900, BD-F5100, HT-E6730W/ZA, HT-E6500W/ZA, LN55C750R2FXZA, UN55F8000BFXZA, UN55F6300AFXZA, and PN60F8500AF and other products with similar functionality.

42.     As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '099 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '099 Patent by the filing and service of this complaint.

43.     Defendants' inducement of infringement of the '099 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '099 Patent, including sharing media from a playlist across devices using AllShare, DIAL, and/or other similar media sharing protocols.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '099 patent.  These actions by Defendants are intended specifically to cause users, including end users in the Eastern District of Texas, to directly infringe the relevant claims.

44.     Examples of instructions to cause infringement can be found at the following web links and documents, which are on information and belief maintained by Defendant:

- http://www.samsung.com/us/video/blu-ray-dvd/BD-D5300/ZA-specs#
- http://www.samsung.com/us/video/blu-ray-dvd/BD-E6500/ZA-specs#
- http://www.samsung.com/us/news/newsRead.do?news_seq=20078\
- http://www.samsung.com/us/video/tvs/UN50ES6150FXZA-specs#\
- http://www.samsung.com/us/video/home-theater/HT-E6500W/ZA-specs#
- http://support-us.samsung.com/spsn/search_result.jsp?keywords=allshare
- http://www.youtube.com/watch?v=lPLs4KvnyQ0
- http://www.youtube.com/watch?v=9EaYojtXFaU&noredirect=1

45.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '099 Patent by these third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '099 Patent pursuant to 35 U.S.C. §271(b).

46.     This infringement by Defendants of the '099 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '099 Patent.

47.     Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '099 Patent and to allege pre-suit willfulness.  Defendants' continued infringement of the '099 Patent is willful infringement.

## COUNT IV
## PATENT INFRINGEMENT OF THE '952 PATENT

48.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

49.     Defendants are directly and/or indirectly infringing one or more of the claims of the '952 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

50.     Exemplary infringing products for this patent include TV Model UN55F8000BF, Blu-Ray Model BD-E6500, Home Theater model HT-F5500W, mobile phone models Galaxy S III and IV, and tablet model Galaxy Tab 2 10.1 and other products with similar functionality.

51.     The '952 Patent is a continuation of Published Application 2002-0002039.  Prior to this suit, the U.S.P.T.O. expressly put Defendants' patent attorneys on notice of that Application.  On information and belief, Defendants also learned of the '952 Patent.

52.     Also, as a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '952 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '952 Patent by the filing and service of this complaint.

53.     Defendants' inducement of infringement of the '952 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '952 Patent, including utilizing an application such as Pandora to receive song playlists.  Defendants' products are imported used, marketed, offered for sale and/or sold in the United States.  Defendants vigorously promote, market, advertise and ship the accused

9

products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '952 patent.  These actions by Defendants are intended specifically to cause users, including end users in the Eastern District of Texas, to directly infringe the relevant claims.

54.     Examples of such instructions can be found in the following links to the Defendants' website:

- http://www.samsung.com/us/support/owners/product/HT-E3500/ZA (User Manual)
- http://www.samsung.com/us/support/owners/product/BD-EM57C/ZA (User Manual)
- http://www.samsung.com/us/video/blu-ray-dvd/BD-EM53C/ZA (Product Features)
- http://www.samsung.com/us/appstore/app/000000021563 (Video Tutorial)
- http://www.samsung.com/us/article/7-ways-to-personalize-holiday-gifts (Tips and Tricks)
- http://www.samsung.com/us/article/5-apps-to-help-you-through-the-holidays (Article)

55.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '952 Patent by these third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '952 Patent pursuant to 35 U.S.C. §271(b).

56.     Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '952 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses. For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '952 Patent that have no substantial non-infringing uses.

57.     This infringement by Defendants of the '952 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '952 Patent.

58.     On information and belief, Defendants post-knowledge infringement of the '952 Patent has been willful.

## COUNT V
## PATENT INFRINGEMENT OF THE '652 PATENT

59.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

60.    Defendants are directly and/or indirectly infringing one or more of the claims of the '652 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

61.    Exemplary infringing products for this patent include TV Model UN55F8000BF, Blu-Ray Model BD-E6500, Home Theater model HT-F5500W, mobile phone models Galaxy S III and IV, and tablet model Galaxy Tab 2 10.1 and other products with similar functionality.

62.    The '652 Patent is a continuation of Published Application 2002-0002039.  Prior to this suit, the U.S.P.T.O. expressly put Defendants' patent attorneys on notice of that Application.  On information and belief, Defendants also learned of the '652 Patent.

63.    Also, as a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '652 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '652 Patent by the filing and service of this complaint.

64.    Defendants' inducement of infringement of the '652 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '652 Patent, including utilizing applications such as Pandora to receive song playlist and vTuner to receive Internet radio broadcasts.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States after importation. Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '652 patent. These actions by Defendants are intended specifically to cause users, including end users in the Eastern District of Texas, to directly infringe the relevant claims.

65.     Examples of such instructions can be found in the following links to the Defendants' website:

- http://www.samsung.com/us/support/owners/product/HT-E3500/ZA (User Manual)
- http://www.samsung.com/us/support/owners/product/BD-EM57C/ZA (User Manual)
- http://www.samsung.com/us/video/blu-ray-dvd/BD-EM53C/ZA (Product Features)
- http://www.samsung.com/us/appstore/app/000000021563 (Video Tutorial)
- http://www.samsung.com/us/article/7-ways-to-personalize-holiday-gifts (Tips and Tricks)
- http://www.samsung.com/us/article/5-apps-to-help-you-through-the-holidays (Article)
- http://www.samsung.com/us/appstore/app.do?appId=G00000471367 (App Store)
- http://www.samsung.com/us/appstore/app.do?appId=G00000471367 (User Manual)
- http://support-us.samsung.com/spsn/search_result.jsp?keywords=vtuner (Video Tutorial)
- http://www.samsung.com/global/article/articleDetailView.do?atcl_id=19 (App Profile)

66.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '652 Patent by these third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '652 Patent pursuant to 35 U.S.C. §271(b).

67.     Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '652 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses.  For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '652 Patent that have no substantial non-infringing uses.

68.     This infringement by Defendants of the '652 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '652 Patent.

69.     On information and belief, Defendants post-knowledge infringement of the '652 Patent has been willful.

**COUNT VI**

**PATENT INFRINGEMENT OF THE '689 PATENT**

70.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

71.     Defendants are directly and/or indirectly infringing one or more of the claims of the '689 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

72.     Exemplary accused products for this patent include mobile devices and tablets with Group Cast or Group Play, including the Galaxy S III, Galaxy S IV, and Tab 2 and other products with similar functionality.

73.     On information and belief, in 2002, after the filing of the provisional patent applications from which the Goldberg '689 Patent claim priority, Dr. Goldberg corresponded with and met in person with senior employees, including Dr. Sang-Li Park, Woonki Kim, and Mr. Chang-Gun Kim, at the office of Samsung Electronics Co. Ltd. in Seoul, Korea concerning his technology and intellectual property.  On information and belief, Mr. C.G. Kim reported to Dr. Chin via Mr. Sang-il Park at that time.

74.     For example, Dr. Goldberg, in September 2002, met with executives in the Business Development, Technical and Marketing Department.  Dr. Goldberg made a presentation, with specific reference to intellectual property and patent rights, to these executives.  His presentation specifically discussed the ability to share music across multiple devices.  At least as a result of such exposure, Defendants have been on notice of Dr. Goldberg's patent rights for many years prior to the filing of this lawsuit.  On information and belief, Defendants have had specific and actual knowledge of Dr. Goldberg's '689 patent.

75.     Also, as a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '689 Patent.  Should Defendants

contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '689 Patent by the filing and service of this complaint.

76.    Defendants' inducement of infringement of the '689 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '689 Patent.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States after importation.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '689 patent.  These actions by Defendants are intended specifically to cause users, including ender users in the Eastern District of Texas, to directly infringe the relevant claims.

77.    Defendants' inducement of infringement of the '689 Patent includes but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '689 patent. Defendant ships the Accused Products with the accused Group Cast/ Group Play functionality pre-loaded which encourages third parties to utilize the Accused Products in an infringing manner, and provides detailed instructions to these third parties which causes such infringement.

78.    Examples of such instructions can be found in the following links to, on information and belief, the Defendants' web site:

http://downloadcenter.samsung.com/content/UM/201207/20120706131108550/VZW_SCH-i535_English_User_Manual_LG1_F5.pdf (Galaxy S3 User Manual (see page 72), encouraging use of Group Cast)

http://www.samsung.com/us/support/supportOwnersHowToGuidePopup.do?howto_guide_seq=6943&prd_ia_cd=N0000004&map_seq=47750 (Group Play How-To Guide)

79.    Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '689 Patent by these third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '689 Patent pursuant to 35 U.S.C. §271(b).

80.    Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '689

Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses.  For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '689 Patent that have no substantial non-infringing uses.

81.     This infringement by Defendants of the '689 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '689 Patent.

82.     Defendants infringement of the '689 Patent has been willful.

## COUNT VII
## PATENT INFRINGEMENT OF THE '082 PATENT

83.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

84.     Defendants are directly and/or indirectly infringing one or more of the claims of the '082 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

85.     Exemplary accused products for this patent include mobile devices and tablets with Wi-Fi Direct and/or Share Shot functionality, including the Galaxy S III, Galaxy S IV and Tab 2 and other products with similar functionality.

86.     On information and belief, in 2002, after the filing of the provisional patent applications from which the Goldberg '082 Patent claim priority, Dr. Goldberg corresponded with and met in person with senior employees, including Dr. Sang-Li Park, Woonki Kim, and Mr. Chang-Gun Kim, at the office of Samsung Electronics Co. Ltd. in Seoul, Korea concerning his technology and intellectual property.  On information and belief, Mr. C.G. Kim reported to Dr. Chin via Mr. Sang-il Park at that time.

87.     For example, Dr. Goldberg, in September 2002, met with executives in the Business Development, Technical and Marketing Department.  Dr. Goldberg made a presentation, with specific reference to intellectual property and patent rights, to these executives.  His presentation specifically discussed the ability to share music across multiple

devices.  At least as a result of such exposure, Defendants have been on notice of Dr. Goldberg's patent rights for many years prior to the filing of this lawsuit.  On information and belief, Samsung has had specific and actual knowledge of Dr. Goldberg's '082 patent.

88.     Also, as a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '082 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '082 Patent by the filing and service of this complaint.

89.     Defendants' inducement of infringement of the '082 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '082 Patent.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States after importation.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '082 patent.  These actions by Defendants are intended specifically to cause users, including end users in the Eastern District of Texas, to directly infringe the relevant claims.

90.     Defendants' inducement of infringement of the '082 Patent includes but is not limited to, actively encouraging and instructing third parties to use Defendant's products in ways that infringe the '082 patent.  Defendant ships the Accused Products with the accused Wi-Fi Direct and/or Share Shot functionality pre-loaded which encourages third parties to utilize the Accused Products in an infringing manner, and provides detailed instructions to these third parties which causes such infringement.

91.     Examples of such instructions can be found in the following links to, on information and belief, the Defendants' web site:

http://downloadcenter.samsung.com/content/UM/201207/20120706131108550/VZW_SCH-i535_English_User_Manual_LG1_F5.pdf (Galaxy S3 User Manual (see page 100), encouraging use of Wi-Fi Direct)

http://www.samsung.com/us/support/supportOwnersHowToGuidePopup.do?howto_guide_seq=5620&prd_ia_cd=N0000003&map_seq=34084 (Wi-Fi Direct How-To Guide).

92.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '082 Patent by these third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '082 Patent pursuant to 35 U.S.C. §271(b).

93.     Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '082 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses.  For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '082 Patent that have no substantial non-infringing uses.

94.     This infringement by Defendants of the '082 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '082 Patent.

95.     Defendants infringement of the '082 Patent has been willful.

## COUNT VIII
## PATENT INFRINGEMENT OF THE '593 PATENT

96.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

97.     Defendants are directly and/or indirectly infringing one or more of the claims of the '593 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

98.     Exemplary accused products include mobile smartphones and tablets with mobile data communication capability and GPS functionality with Google Latitude (either as a stand-alone application or as part of Google Maps).  For example, these products include:  Galaxy S IV, Galaxy Note II, Galaxy S III, Galaxy Express, Galaxy Stratosphere II (4G), Galaxy Rugby Pro, Galaxy Note, Galaxy Nexus, Galaxy Stellar, Galaxy S Blaze 4G, Stratosphere, Galaxy Tab

2, Focus, Focus 2, Captivate Glide, Galaxy Exhilarate and other products with similar functionality.

99.    As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '593 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '593 Patent by the filing and service of this complaint.

100.    Defendants' inducement of infringement of the '593 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '593 Patent.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States after importation.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '593 patent.  These actions by Defendants are intended specifically to cause users, including ender users in the Eastern District of Texas, directly to infringe the relevant claims.

101.    Defendants' inducement of infringement of the '593 patent includes but is not limited to, providing Accused Products preinstalled with Google Latitude (within Google Maps or as a separate stand-alone application).  The inclusion of Latitude on the Accused Products actively encourages the end customer to utilize and execute this application in an infringing system.  Defendants' user manuals also contain instructions encouraging infringement as exemplified below.

102.    Examples of instructions to cause infringement can be found at the following web links and documents, which are on information and belief maintained by Defendant:

- http://www.samsung.com/us/support/SupportOwnersFAQPopup.do?faq_id=FAQ00045618&fm_seq=46280  (FAQ on enabling location services)
- https://www.samsung.com/us/mobile/cell-phones (link enabling selection of phones by carrier (including AT&T) and featuring "In the Spotlight" an accused Galaxy S4 by AT&T.
- http://downloadcenter.samsung.com/content/UM/201207/20120706131108550/VZW_SCH-i535_English_User_Manual_LG1_F5.pdf (Galaxy S3 User Manual (see page 86), encouraging use of Latitude:  "Use Google Latitude to locate your friends on a map, and share or hide your location.")

103.   Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '593 Patent by these end users, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '593 Patent pursuant to 35 U.S.C. §271(b).

104.   Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '593 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses.  For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '593 Patent that have no substantial non-infringing uses.

105.   This infringement by Defendants of the '593 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '593 Patent.

106.   Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '593 Patent and to allege pre-suit willfulness.  Defendants' continued infringement of the '593 Patent is willful infringement.

## COUNT IX
## PATENT INFRINGEMENT OF THE '686 PATENT

107.   Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

108.   Defendants are directly and/or indirectly infringing one or more of the claims of the '686 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the Eastern District of Texas, the Accused Products.

109.   Exemplary infringing products for this patent include TV Model UN55F8000BF, Blu-Ray Model BD-E6500, Home Theater model HT-F5500W, mobile phone models Galaxy S III and IV, and tablet model Galaxy Tab 2 10.1 and other products with similar functionality.

19

110.    As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '686 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '686 Patent by the filing and service of this complaint.

111.    Defendants' inducement of infringement of the '686 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '686 Patent, including utilizing an application such as Pandora to provide local users with information stored remotely on a network.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '686 patent.  These actions by Defendants are intended specifically to cause users, including end users in the Eastern District of Texas, to directly infringe the relevant claims.

112.    Examples of such instructions can be found in the following links to the Defendants' website:

- http://www.samsung.com/us/support/owners/product/HT-E3500/ZA (User Manual)
- http://www.samsung.com/us/support/owners/product/BD-EM57C/ZA (User Manual)
- http://www.samsung.com/us/video/blu-ray-dvd/BD-EM53C/ZA (Product Features)
- http://www.samsung.com/us/appstore/app/000000021563 (Video Tutorial)
- http://www.samsung.com/us/article/7-ways-to-personalize-holiday-gifts (Tips and Tricks)
- http://www.samsung.com/us/article/5-apps-to-help-you-through-the-holidays (Article)

113.    Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '686 Patent by these third parties, including end users in the Eastern District of Texas.  Defendants are thus liable for inducing infringement of the '686 Patent pursuant to 35 U.S.C. §271(b).

114.    Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles

constituting or containing material parts of inventions claimed in at least one claim of the '686 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses.  For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '686 Patent that have no substantial non-infringing uses.

115.   This infringement by Defendants of the '686 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '686 Patent.

116.   Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '686 Patent and to allege pre-suit willfulness.  Defendants' continued infringement of the '686 Patent is willful infringement.

## **REQUESTS FOR RELIEF**

WHEREFORE, Black Hills respectfully requests that judgment be entered in its favor and against Defendants as follows:

a.      That Defendants have directly and/or indirectly infringed the '323, '873, '099, '952, '652, '689, '082, '593, and '686 Patents, literally and/or under the doctrine of equivalents;

b.      That Defendants and their respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, be temporarily and permanently enjoined from infringement of the '323, '873, '099, '952, '652, '689, '082, '593, and '686 Patents;

c.      That Defendants be ordered to account for and pay to Black Hills the damages to which Black Hills is entitled as a result of the infringement of the '323, '873, '099, '952, '652, '689, '082, '593, and '686 Patents, together with interest and costs;

d.      That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '323, '873, '099, '952, '652, '689, '082, '593, and '686 Patents.

e.      That Black Hills be awarded all other damages permitted by 35 U.S.C. §284, including increased damages up to three times the amount of compensatory damages found;

f.      That the case be deemed exceptional under 35 U.S.C. § 285 and that Black Hills be awarded its costs and attorneys' fees; and

      g.      That Black Hills be awarded any other and further relief as this Court may deem is just and equitable.

<b><u>DEMAND FOR TRIAL BY JURY</u></b>

      Black Hills respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

Dated:  May 6, 2013                      Respectfully submitted,

                      /s/ Claire A. Henry
                      Claire Abernathy Henry
                      State Bar No. 24053063
                      T. John Ward, Jr.
                      Texas State Bar No. 00794818
                      J. Wesley Hill
                      Texas State Bar No. 24032294
                      WARD & SMITH LAW FIRM
                      P.O. Box 1231
                      1127 Judson Road, Ste. 220
                      Longview, Texas  75606-1231
                      (903) 757-6400
                      (903) 757-2323 (fax)
                      claire@wsfirm.com
                      jw@wsfirm.com
                      wh@wsfirm.com

                      H. Joseph Hameline
                      MINTZ, LEVIN, COHN, FERRIS,
                        GLOVSKY AND POPEO, P.C.
                      One Financial Center
                      Boston, MA 02111
                      Tel: 617-542-6000
                      Fax: 617-542-2241
                      JHameline@mintz.com

                      Howard Wisnia
                      James Conley
                      John Giust
                      Arun Goel
                      MINTZ, LEVIN, COHN, FERRIS,

GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: 858-314-1500
Fax: 858-314-1501
Hwisnia@mintz.com
JConley@mintz.com
JGiust@mintz.com
agoel@mintz.com


Peter Snell
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
Chrysler Center
666 Third Avenue
 New York, NY 10017
 Tel: 212.935.3000
 Fax: 212.983.3115
PSnell@mintz.com

**ATTORNEYS FOR PLAINTIFF**
**BLACK HILLS MEDIA, LLC**