**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **BLACK HILLS MEDIA, LLC,**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC;**<br><br>**DEFENDANTS.** | **CIVIL ACTION NO. 2:13-cv-379**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS TO BLACK HILLS MEDIA, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co. Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively "Samsung") answer the Complaint for Patent Infringement ("Complaint") of Black Hills Media, LLC ("Plaintiff") as follows:

**<u>THE PARTIES</u>**

1. Samsung lacks information sufficient to form a belief as to the facts alleged in paragraph 1 of the Complaint, and on that basis denies them.

2. Samsung admits that Samsung Electronics America, Inc. is a wholly-owned subsidiary of Samsung Electronics Co. Ltd., and Samsung Telecommunications America, LLC is a wholly-owned subsidiary of Samsung Electronics America, Inc. Samsung denies the remaining allegations in paragraph 2 of the Complaint.

3. Samsung admits that Samsung Electronics Co. Ltd. is a Korean corporation. Samsung denies the remaining allegations in paragraph 3 of the Complaint.

4. Samsung admits the allegations in paragraph 4 of the Complaint.

5. Samsung admits that STA is a Delaware limited liability company with a principal place of business at 1301 East Lookout Drive, Richardson, Texas, and is a wholly-owned subsidiary of Samsung Electronics America, Inc. Samsung lacks information sufficient to form a belief as to the remaining facts alleged in paragraph 5 of the Complaint, and on that basis denies them.

## JURISDICTION AND VENUE

6. Samsung admits that the Complaint purports to state an action for patent infringement, but denies the legal sufficiency of Plaintiff's claims and allegations of the Complaint and denies that Plaintiff has any viable claim thereunder with respect to Samsung. Samsung admits that this Court has subject matter jurisdiction. Samsung denies any remaining allegations in paragraph 6 of the Complaint.

7. The allegation that Samsung is subject to this Court's personal jurisdiction is a legal conclusion that does not require a response. Nevertheless, for purposes of this action, Samsung does not contest that the Court has personal jurisdiction over Samsung. Samsung denies that it has committed the alleged acts of patent infringement. Samsung admits that Samsung Telecommunications, LLC has a place of business in this judicial district.

8. The allegation that venue is proper in this district is a legal conclusion that does not require a response. For purposes of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung does not contest that venue properly lies in this District, but Samsung denies that venue in this District is more appropriate or convenient than other venues. Samsung denies that it has committed and/or induced acts of patent infringement in this district or anywhere else.

9. Samsung denies the statements and allegations of paragraph 9 of the Complaint to the extent they are a legal conclusion that do not require a response.

10. Upon information and belief, Samsung admits that the face of U.S. Patent No. 8,028,323 (the "'323 Patent") states that it is titled "Method And System For Employing A First

Device To Direct A Networked Audio Device To Obtain A Media Item," names Martin Weel as the inventor, and was issued on September 27, 2011. Samsung admits that a document that purports to be a copy of the '323 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 10 of the Complaint.

11. Upon information and belief, Samsung admits that the face of U.S. Patent No. 8,214,873 (the "'873 Patent") states that it is titled "Method, System, And Computer-Readable Medium For Employing A First Device To Direct A Networked Audio Device To Render A Playlist," names Martin Weel as the inventor, and was issued on July 3, 2012. Samsung admits that a document that purports to be a copy of the '873 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 11 of the Complaint.

12. Upon information and belief, Samsung admits that the face of U.S. Patent No. 8,230,099 (the "'099 Patent") states that it is titled "System And Method For Sharing Playlists," names Martin Weel as the inventor, and was issued on July 24, 2012. Samsung admits that a document that purports to be a copy of the '099 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 12 of the Complaint.

13. Upon information and belief, Samsung admits that the face of U.S. Patent No. 8,045,952 (the "'952 Patent") states that it is titled "Method And Device For Obtaining Playlist Content Over A Network," names Safi Qureshey and Daniel B. Sheppard as inventors, and was issued on October 25, 2011. Samsung admits that a document that purports to be a copy of the '952 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 13 of the Complaint.

14. Upon information and belief, Samsung admits that the face of U.S. Patent No. 8,050,652 (the "'652 Patent") states that it is titled "Method And Device For An Internet Radio Capable Of Obtaining Playlist Content From A Content Server," names Safi Qureshey and Daniel B. Sheppard as inventors, and was issued on November 1, 2011. Samsung admits that a

document that purports to be a copy of the ’652 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 14 of the Complaint.

15. Upon information and belief, Samsung admits that the face of U.S. Patent No. 7,835,689 (the “’689 Patent”) states that it is titled “Distribution Of Music Between Members Of A Cluster Of Mobile Audio Devices And A Wide Area Network,” names David A. Goldberg, David A., Martha Goldberg, Miriam Goldberg, and Benjamin Goldberg as inventors, and was issued on November 16, 2010. Samsung admits that a document that purports to be a copy of the ’689 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 15 of the Complaint.

16. Upon information and belief, Samsung admits that the face of U.S. Patent No. 7,917,082 (the “’082 Patent”) states that it is titled “Method And Apparatus For Creating And Managing Clusters Of Mobile Audio Devices,” names David A. Goldberg, David A., Martha Goldberg, Miriam Goldberg, and Benjamin Goldberg as inventors, and was issued on March 29, 2011. Samsung admits that a document that purports to be a copy of the ’082 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 16 of the Complaint.

17. Upon information and belief, Samsung admits that the face of U.S. Patent No. 6,618,593 (the “’593 Patent”) states that it is titled “Location Dependent User Matching System,” names Charles Drutman, Darlene Drutman, Andrew Egendorf, Norton Greenfeld, and Eugene Pettinelli as inventors, and was issued on September 9, 2003. Samsung admits that a document that purports to be a copy of the ’593 Patent was filed with the Complaint. Samsung denies the remaining allegations in paragraph 17 of the Complaint.

18. Upon information and belief, Samsung admits that the face of U.S. Patent No. 6,108,686 (the “’686 Patent”) states that it is titled “Agent-Based On-Line Information Retrieval And Viewing System,” names Henry R. Williams Jr. as its inventor, and was issued on August 22, 2000. Samsung admits that a document that purports to be a copy of the ’686 Patent was

filed with the Complaint. Samsung denies the remaining allegations in paragraph 18 of the Complaint.

19. Samsung denies that it infringes any claims of the patents asserted by Plaintiff (the ’323 Patent, ’873 Patent, ’099 Patent, ’952 Patent, ’652 Patent, ’689 Patent, ’082 Patent, ’593 Patent, and ’686 Patent, collectively, the “Asserted Patents”).

**COUNT I**
**ALLEGED INFRINGEMENT OF THE ’323 PATENT**

20. Samsung incorporates paragraphs 1-19 as if fully set forth herein.

21. Samsung denies the allegations in paragraph 21 of the Complaint.

22. Samsung denies the allegations in paragraph 22 of the Complaint.

23. Samsung denies the allegations in paragraph 23 of the Complaint.

24. Samsung denies that it has specific intent to cause infringement of the ’343 Patent. Samsung denies the statements and allegations in paragraph 24 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States. Samsung denies the remaining allegations in paragraph 24 of the Complaint.

25. Samsung denies the allegations of paragraph 25 of the Complaint.

26. Samsung denies the allegations in paragraph 26 of the Complaint.

27. Samsung denies the allegations in paragraph 27 of the Complaint.

28. Samsung denies the statements of paragraph 28 to the extent they are opinions and legal conclusions and therefore require no response. Samsung denies any remaining allegations of this paragraph.

**COUNT II**
**ALLEGED INFRINGEMENT OF THE ’873 PATENT**

29. Samsung incorporates paragraphs 1-28 as if fully set forth herein.

30. Samsung denies the allegations in paragraph 30 of the Complaint.

31. Samsung denies the allegations in paragraph 31 of the Complaint.

32. Samsung admits that the '873 Patent, on its face, purports to be a continuation of U.S. Patent No. 8,028,038. Samsung denies the remaining allegations in paragraph 32 of the Complaint.

33. Samsung denies the allegations in paragraph 33 of the Complaint.

34. Samsung denies the statements and allegations in paragraph 34 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States Samsung denies the remaining allegations in paragraph 34 of the Complaint.

35. Samsung denies the allegations in paragraph 35 of the Complaint.

36. Samsung denies the allegations in paragraph 36 of the Complaint.

37. Samsung denies the allegations in paragraph 37 of the Complaint.

38. Samsung denies the allegations of paragraph 38 of the Complaint.

## COUNT III
## ALLEGED INFRINGEMENT OF THE '099 PATENT

39. Samsung incorporates paragraphs 1-38 as if fully set forth herein.

40. Samsung denies the allegations in paragraph 40 of the Complaint.

41. Samsung denies the allegations in paragraph 41 of the Complaint.

42. Samsung denies the allegations in paragraph 42 of the Complaint.

43. Samsung denies the statements and allegations in paragraph 43 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States Samsung denies the remaining allegations in paragraph 43 of the Complaint.

44. Samsung denies the allegations in paragraph 44 of the Complaint.

45. Samsung denies the allegations in paragraph 45 of the Complaint.

46. Samsung denies the allegations in paragraph 46 of the Complaint.

47. Samsung denies the statements of paragraph 47 to the extent they are not factual allegations and are legally inoperative and do not require a response. Samsung denies the remaining allegations in paragraph 47 of the Complaint.

**COUNT IV**
**ALLEGED INFRINGEMENT OF THE '952 PATENT**

48. Samsung incorporates paragraphs 1-47 as if fully set forth herein.

49. Samsung denies the allegations in paragraph 49 of the Complaint.

50. Samsung denies the allegations in paragraph 50 of the Complaint.

51. Samsung denies it was aware of the '952 Patent prior to this suit. Samsung admits that the '952 Patent, on its face, purports to be a continuation of U.S. Patent Pub. No. 2002-0002039. Samsung admits that U.S. Patent Pub. No. 2002-0002039 was cited by the patent office during prosecution of Samsung patents. Samsung denies the remaining allegations in paragraph 51 of the Complaint.

52. Samsung denies the allegations in paragraph 52 of the Complaint.

53. Samsung denies the statements and allegations in paragraph 53 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States Samsung denies the remaining allegations in paragraph 53 of the Complaint.

54. Samsung denies the allegations in paragraph 54 of the Complaint.

55. Samsung denies the allegations in paragraph 55 of the Complaint.

56. Samsung denies the allegations in paragraph 56 of the Complaint.

57. Samsung denies the allegations of paragraph 57 of the Complaint.

58. Samsung denies the allegations of paragraph 58 of the Complaint.

**COUNT V**
**ALLEGED INFRINGEMENT OF THE ’652 PATENT**

59. Samsung incorporates paragraphs 1-58 as if fully set forth herein.

60. Samsung denies the allegations in paragraph 60 of the Complaint.

61. Samsung denies the allegations in paragraph 61 of the Complaint.

62. Samsung denies it was aware of the ’652 Patent prior to this suit. Samsung denies the statements of paragraph 62 to the extent they are not factual allegations and are legally inoperative and do not require a response. Samsung admits that the ’652 Patent, on its face, purports to be a continuation of U.S. Patent Pub. No. 2002-0002039. Samsung admits that U.S. Patent Pub. No. 2002-0002039 was cited by the patent office during prosecution of Samsung patents. Samsung denies the remaining allegations in paragraph 62 of the Complaint.

63. Samsung denies the allegations in paragraph 63 of the Complaint.

64. Samsung denies the statements and allegations in paragraph 64 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States Samsung denies the remaining allegations in paragraph 64 of the Complaint.

65. Samsung denies the allegations in paragraph 65 of the Complaint.

66. Samsung denies the allegations in paragraph 66 of the Complaint.

67. Samsung denies the allegations in paragraph 67 of the Complaint.

68. Samsung denies the allegations of paragraph 68 of the Complaint.

69. Samsung denies the allegations of paragraph 69 of the Complaint.

**COUNT VI**
**ALLEGED INFRINGEMENT OF THE ’689 PATENT**

70. Samsung incorporates paragraphs 1-69 as if fully set forth herein.

71. Samsung denies the allegations in paragraph 71 of the Complaint.

72. Samsung denies the statements in paragraph 72 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response.

73. Samsung admits that a person with the last name of Goldberg requested a meeting with Samsung Electronics Co. Ltd. and subsequently met in person with Dr. Sang-Il Park, Mr. Woon-Ki Kim, and Mr. Chang-Gun Kim at Samsung Electronics Co. Ltd. offices in Korea around 2002. Samsung denies that it had correspondence or meetings concerning alleged intellectual property belonging to Goldberg. Samsung lacks sufficient knowledge or information to admit or deny the remaining facts alleged in paragraph 73 and therefore denies those allegations.

74. Samsung admits that a person with the last name of Goldberg met in person with Dr. Sang-Il Park, Mr. Woon-Ki Kim, and Mr. Chang-Gun Kim at Samsung Electronics Co. Ltd. offices in Korea around 2002. Samsung denies that it was on notice of any of Goldberg's alleged patent rights prior to the filing of this lawsuit. Samsung denies the statements and allegations in paragraph 74 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung lacks sufficient knowledge or information to admit or deny the remaining facts alleged in paragraph 74 and therefore denies those allegations.

75. Samsung denies the allegations in paragraph 75 of the Complaint.

76. Samsung denies the statements and allegations in paragraph 76 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States Samsung denies the remaining allegations in paragraph 76 of the Complaint.

77. Samsung denies the allegations in paragraph 77 of the Complaint.

78. Samsung denies the allegations in paragraph 78 of the Complaint.

79. Samsung denies the allegations in paragraph 79 of the Complaint.

80. Samsung denies the allegations in paragraph 80 of the Complaint.

81. Samsung denies the allegations in paragraph 81 of the Complaint.

82. Samsung denies the allegations in paragraph 82 of the Complaint.

## COUNT VII
## ALLEGED INFRINGEMENT OF THE ’082 PATENT

83. Samsung incorporates paragraphs 1-82 as if fully set forth herein.

84. Samsung denies the allegations in paragraph 84 of the Complaint.

85. Samsung denies the statements in paragraph 85 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response..

86. Samsung admits that a person with the last name of Goldberg requested a meeting with Samsung Electronics Co. Ltd. and subsequently met in person with Dr. Sang-Il Park, Mr. Woon-Ki Kim, and Mr. Chang-Gun Kim at Samsung Electronics Co. Ltd. offices in Korea around 2002. Samsung denies that it had correspondence or meetings concerning alleged intellectual property belonging to Goldberg. Samsung lacks sufficient knowledge or information to admit or deny the remaining facts alleged in paragraph 86 and therefore denies those allegations.

87. Samsung admits that a person with the last name of Goldberg met in person with Dr. Sang-Il Park, Mr. Woon-Ki Kim, and Mr. Chang-Gun Kim at Samsung Electronics Co. Ltd. offices in Korea around 2002. Samsung denies that it was on notice of any of Goldberg’s alleged patent rights prior to the filing of this lawsuit. Samsung denies the statements and allegations contained in paragraph 87 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung lacks sufficient knowledge or information to admit or deny the remaining facts alleged in paragraph 87 and therefore denies those allegations.

88. Samsung denies the allegations in paragraph 88 of the Complaint.

89. Samsung denies the statements and allegations in paragraph 89 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response.

Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States Samsung denies the remaining allegations in paragraph 89 of the Complaint.

90. Samsung denies the allegations in paragraph 90 of the Complaint.

91. Samsung denies the allegations in paragraph 91 of the Complaint.

92. Samsung denies the allegations in paragraph 92 of the Complaint.

93. Samsung denies the allegations in paragraph 93 of the Complaint.

94. Samsung denies the allegations in paragraph 94 of the Complaint.

95. Samsung denies the allegations in paragraph 95 of the Complaint.

## COUNT VIII
## ALLEGED INFRINGEMENT OF THE ’593 PATENT

96. Samsung incorporates paragraphs 1-95 as if fully set forth herein.

97. Samsung denies the allegations in paragraph 97 of the Complaint.

98. Samsung denies the statements in paragraph 98 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response.

99. Samsung denies the allegations in paragraph 99 of the Complaint.

100. Samsung denies the statements and allegations in paragraph 100 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States Samsung denies the remaining allegations in paragraph 100 of the Complaint.

101. Samsung denies the allegations in paragraph 101 of the Complaint.

102. Samsung denies the allegations in paragraph 102 of the Complaint.

103. Samsung denies the allegations in paragraph 103 of the Complaint.

104. Samsung denies the allegations in paragraph 104 of the Complaint.

105. Samsung denies the allegations in paragraph 105 of the Complaint.

106. Samsung denies the statements and allegations in paragraph 106 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung lacks sufficient knowledge or information to admit or deny the facts alleged in paragraph 106 and therefore denies those allegations. Samsung denies any remaining allegations of this paragraph.

**COUNT IX**
**ALLEGED INFRINGEMENT OF THE ’686 PATENT**

107. Samsung incorporates paragraphs 1-106 as if fully set forth herein.

108. Samsung denies the allegations in paragraph 108 of the Complaint.

109. Samsung denies the statements in paragraph 109 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response.

110. Samsung denies the allegations in paragraph 110 of the Complaint.

111. Samsung denies the statements and allegations in paragraph 111 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung admits that certain of its products are imported, marketed, offered for sale, sold, and/or used in the United States  Samsung denies the remaining allegations in paragraph 111 of the Complaint.

112. Samsung denies the allegations in paragraph 112 of the Complaint.

113. Samsung denies the allegations in paragraph 113 of the Complaint.

114. Samsung denies the allegations in paragraph 114 of the Complaint.

115. Samsung denies the allegations in paragraph 115 of the Complaint.

116. Samsung denies the statements and allegations in paragraph 116 of the Complaint to the extent that they are opinions and legal conclusions and therefore require no response. Samsung lacks sufficient knowledge or information to admit or deny the facts alleged in paragraph 116 and therefore denies those allegations. Samsung denies any remaining allegations of this paragraph.

117. Samsung incorporates by reference all preceding paragraphs of this Answer as if set forth here in full. Samsung denies that Black Hills is entitled to any relief sought in Black Hills' Requests for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

118. Plaintiff's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

119. One or more claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE

120. Samsung does not infringe and has not infringed any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement.

### FOURTH DEFENSE

121. The products that Plaintiff accuses of infringing in the Complaint have substantial noninfringing uses foreclosing liability for contributory infringement.

### FIFTH DEFENSE

122. Neither preliminary nor permanent injunctive relief are available to Plaintiff under the legal standards for injunctions because, among other things, Samsung is informed and believes that Plaintiff is not competing with Samsung and is not practicing the alleged inventions. In addition, the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**SIXTH DEFENSE**

123. Upon information and belief, Plaintiff's right to seek damages and costs is limited pursuant to 35 U.S.C. §§ 286 and 287.

**SEVENTH DEFENSE**

124. Upon information and belief, Plaintiff's claims must be dismissed for failure to join a party under Fed. R. Civ. P. 19(a)(1) and 19(b).

**EIGHTH DEFENSE**

125. Samsung lacks the requisite intent to support a claim for induced infringement under 35 U.S.C. § 271(b).

**NINTH DEFENSE**

126. Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent Plaintiff alleges infringement under the doctrine of equivalents.

**TENTH DEFENSE**

127. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, acquiescence, and/or unclean hands.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

128. Samsung has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Samsung reserves the right to amend or seek to amend its answer or affirmative defenses.

## COUNTERCLAIMS

1. Pursuant to Fed. R. Civ. P. 13, Samsung Electronics Co. Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC (collectively, "Samsung") counterclaim against Plaintiff and, in support thereof, allege the following:

## PARTIES

2. Defendant and Counterclaim-Plaintiff Samsung Electronics Co. Ltd. is a corporation organized and existing under the laws of the Republic of Korea having a principal place of business at 416, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, Republic of Korea.

3. Defendant and Counterclaim-Plaintiff Samsung Electronics America, Inc. is a New York corporation having its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

4. Defendant and Counterclaim-Plaintiff Samsung Telecommunications America, LLC is a Delaware limited liability company with its principal place of business at 1301 E. Lookout Dr., Richardson, Texas 75082.

5. Upon information and belief, Samsung alleges that Plaintiff and Counterclaim-Defendant Black Hills Media, LLC ("Black Hills") is a privately held Delaware limited liability company with a principal place of business at 1000 N. West St., Wilmington, Delaware and business offices at 7011 Fayetteville Road, Durham, North Carolina..

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 8,028,323 ("the '323 Patent"); 8,214,873 ("the '873 Patent"); 8,230,099 ("the '099 Patent"); 8,045,952 ("the '952 Patent"); 8,050,652 ("the '652 Patent"); 7,835,689 ("the '689 Patent"); 7,917,082 ("the '082 Patent"); 6,618,593 ("the '593 Patent"); and 6,108,686 ("the '686

Patent") (collectively, the "Asserted Patents"). This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Venue is proper in the Eastern District of Texas, Marshall Division, although not most convenient, under 28 U.S.C. §§ 1391 and 1400, as a result of Black Hills having filed this action in this District. By filing its Complaint in the Eastern District of Texas, Marshall Division, Black Hills has consented to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

8. On May 6, 2013, Black Hills filed suit against Samsung, claiming infringement of the Asserted Patents.

9. A justiciable controversy exists between Black Hills and Samsung concerning the infringement and validity of the Asserted Patents.

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '323 PATENT

10. Samsung incorporates paragraphs 1-9 of its Counterclaim as if fully set forth herein.

11. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the '323 Patent asserted by Black Hills in this litigation.

12. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the '323 Patent.

## COUNT TWO
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '323 PATENT

13. Samsung incorporates paragraphs 1-12 as if fully set forth herein.

14. The claims of the '323 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. Samsung is entitled to a declaratory judgment that the claims of the '323 Patent are invalid.

**COUNT THREE**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’873 PATENT**

16. Samsung incorporates paragraphs 1-15 of its Counterclaim as if fully set forth herein.

17. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the ’873 Patent asserted by Black Hills in this litigation.

18. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the ’873 Patent.

**COUNT FOUR**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE ’873 PATENT**

19. Samsung incorporates paragraphs 1-18 as if fully set forth herein.

20. The claims of the ’873 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

21. Samsung is entitled to a declaratory judgment that the claims of the ’873 patent are invalid.

**COUNT FIVE**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’099 PATENT**

22. Samsung incorporates paragraphs 1-21 of its Counterclaim as if fully set forth herein.

23. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the ’099 Patent asserted by Black Hills in this litigation.

24. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the ’099 Patent.

**COUNT SIX**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE ’099 PATENT**

25. Samsung incorporates paragraphs 1-24 as if fully set forth herein.

26. The claims of the ’099 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

27. Samsung is entitled to a declaratory judgment that the claims of the ’099 Patent are invalid.

## COUNT SEVEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’952 PATENT

28. Samsung incorporates paragraphs 1-27 of its Counterclaim as if fully set forth herein.

29. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the ’952 Patent asserted by Black Hills in this litigation.

30. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the ’952 Patent.

## COUNT EIGHT
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE ’952 PATENT

31. Samsung incorporates paragraphs 1-30 as if fully set forth herein.

32. The claims of the ’952 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

33. Samsung is entitled to a declaratory judgment that the claims of the ’952 Patent are invalid.

## COUNT NINE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’652 PATENT

34. Samsung incorporates paragraphs 1-33 of its Counterclaim as if fully set forth herein.

35. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the ’652 Patent asserted by Black Hills in this litigation.

36. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the ’652 Patent.

**COUNT TEN**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE ’652 PATENT**

37. Samsung incorporates paragraphs 1-36 as if fully set forth herein.

38. The claims of the ’652 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

39. Samsung is entitled to a declaratory judgment that the claims of the ’652 Patent are invalid.

**COUNT ELEVEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’689 PATENT**

40. Samsung incorporates paragraphs 1-39 of its Counterclaim as if fully set forth herein.

41. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the ’689 Patent asserted by Black Hills in this litigation.

42. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the ’689 Patent.

**COUNT TWELVE**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE ’689 PATENT**

43. Samsung incorporates paragraphs 1-42 as if fully set forth herein.

44. The claims of the ’689 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

45. Samsung is entitled to a declaratory judgment that the claims of the ’689 Patent are invalid.

**COUNT THIRTEEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’082 PATENT**

46. Samsung incorporates paragraphs 1-45 of its Counterclaim as if fully set forth herein.

47. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the ’082 Patent asserted by Black Hills in this litigation.

48. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the ’082 Patent.

**COUNT FOURTEEN**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE ’082 PATENT**

49. Samsung incorporates paragraphs 1-48 as if fully set forth herein.

50. The claims of the ’082 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

51. Samsung is entitled to a declaratory judgment that the claims of the ’082 Patent are invalid.

**COUNT FIFTEEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’593 PATENT**

52. Samsung incorporates paragraphs 1-51 of its Counterclaim as if fully set forth herein.

53. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the ’593 Patent asserted by Black Hills in this litigation.

54. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the ’593 Patent.

**COUNT SIXTEEN**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE ’593 PATENT**

55. Samsung incorporates paragraphs 1-54 as if fully set forth herein.

56. The claims of the '593 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

57. Samsung is entitled to a declaratory judgment that the claims of the '593 Patent are invalid.

**COUNT SEVENTEEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '686 PATENT**

58. Samsung incorporates paragraphs 1-57 of its Counterclaim as if fully set forth herein.

59. Samsung has not and is not now infringing, contributorily infringing, or inducing infringement any valid claim of the '686 Patent asserted by Black Hills in this litigation.

60. Samsung is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any asserted claims of the '686 Patent.

**COUNT EIGHTEEN**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '686 PATENT**

61. Samsung incorporates paragraphs 1-60 as if fully set forth herein.

62. The claims of the '686 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

63. Samsung is entitled to a declaratory judgment that the claims of the '686 Patent are invalid.

**REQUEST FOR RELIEF**

WHEREFORE, Samsung prays for judgment that:

A. Black Hills' Complaint be dismissed in its entirety with prejudice;

B. Black Hills is not entitled to any relief prayed for in its Complaint, or to any relief whatsoever;

C. No claim of the Asserted Patents has ever been, and is not now, infringed by Samsung or its affiliates or related entities, or by any other person using Samsung's products in this judicial district or anywhere in the United States;

D. The claims of the Asserted Patents are invalid;

E. This case is exceptional under 35 U.S.C. § 285 and awarding Samsung its reasonable attorneys fees in this action;

F. Samsung be awarded its costs and expenses in this action; and

G. Other and further relief as the Court deems proper and just be granted.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Samsung demands a trial by jury on all issues so triable.

Dated: August 8, 2013

Respectfully submitted,

*/s/ Christine Saunders Haskett*

Robert T. Haslam
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065
Tel: (650) 632-4700
Fax: (650) 632-4800
rhaslam@cov.com

Michael Plimack
Christine Saunders Haskett
Dale A. Rice
COVINGTON & BURLING LLP
1 Front Street
San Francisco, CA 94111-5356
Tel: (415) 591-6000
Fax: (415) 591-6091
mplimack@cov.com
chaskett@cov.com
drice@cov.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Ave.
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel For Defendants Samsung Electronics Co. Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record by e-mail in compliance with Local Rule CV-5(a) on this the 8th day of August, 2013.

*/s/ Christine Saunders Haskett*